**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION (DAYTON)**

| | | |
|---|---|---|
| MICHAEL D. DYER, *et al.*, | : | Case No. 3:24-cv-00300 |
| | : | |
| Plaintiffs, | : | District Judge Walter H. Rice |
| | : | Magistrate Judge Caroline H. Gentry |
| vs. | : | |
| | : | |
| SHERIFF OF MONTGOMERY | : | |
| COUNTY JAIL, *et al.*, | : | |
| | : | |
| Defendants. | : | |

**REPORT AND RECOMMENDATION TO DENY PLAINTIFF DYER'S
MOTIONS TO PROCEED *IN FORMA PAUPERIS* (DOC. NOS. 1 & 3) AND
TO DENY HIS OTHER MOTIONS AS PREMATURE (DOC. NOS. 5, 6, & 7)**

Plaintiff Michael D. Dyer is a prisoner who is confined at the Hall County Jail in Gainesville, Georgia.[1] (*See* Doc. No. 1-8 at PageID 69; Doc. No. 1-1 at PageID 19.) He is one of twenty plaintiffs who filed a complaint alleging that the conditions in which they were held at the Montgomery County Jail violated their constitutional rights. (Doc. No. 1-1.) Among other things, they allege that black mold in the Jail made inmates sick.

Currently pending before the Court are Plaintiff Dyer's Motion for Leave to Proceed *in forma pauperis* ("First IFP Motion," Doc. No. 1) and Supplemental Motion for Leave to Proceed *in forma pauperis* ("Second IFP Motion," Doc. No. 3) (collectively "IFP Motions"). Also pending are three motions that seek entry of default, default

---

[1] Although Plaintiff Dyer anticipated being moved to Jackson State Prison in Georgia when he filed this lawsuit (*see* Doc. No. 1-7 at PageID 68), he was still housed in Hall County Jail as of the date of his latest filing (*see* Doc. No. 7-1 at PageID 102).

judgment, and/or summary judgment. (Doc. Nos. 5, 6, 7.) These matters have been

referred to the undersigned United States Magistrate Judge pursuant to 28 U.S.C. §

636(b) and the Court's Amended General Order 22-05.

Because Plaintiff Dyer is incarcerated, he is subject to the requirements and

restrictions of the Prison Litigation Reform Act of 1995 ("PLRA"), 28 U.S.C. § 1915(a)-

(h). As explained below, the undersigned **RECOMMENDS** that the Court **DENY** the

IFP Motions because Plaintiff Dyer cannot obtain IFP status under the PLRA's "three-

strikes" provision and does not fit within its only exception. The undersigned further

**RECOMMENDS** that the Court **ORDER** Plaintiff Dyer to pay his share of the $405

filing costs within thirty days if he wants to proceed.

Additionally, the undersigned **RECOMMENDS** that the Court **DENY** Plaintiff

Dyer's pending motions because they are premature. (Doc. Nos. 5, 6, 7.)

## I. PLAINTIFF DYER'S IFP MOTIONS MUST BE DENIED UNDER THE PLRA'S THREE-STRIKES RULE

The PLRA's three-strikes rule bars the Court from granting the IFP Motions. This

rule provides that "[i]n no event" shall a prisoner be granted IFP status to bring a civil

action in federal court if he "has, on 3 or more prior occasions, while incarcerated or

detained in any facility, brought an action or appeal" in a federal court "that was

dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon

which relief may be granted, unless the prisoner is under imminent danger of serious

physical injury." 28 U.S.C. § 1915(g); *see also Wilson v. Yaklich*, 148 F.3d 596, 602 (6th

Cir. 1998) ("The literal language of that portion of the PLRA forbids almost all attempts

by indigent prisoners to gain access to the federal courts in civil actions if the litigant has,

on three prior occasions, had a case dismissed as frivolous, malicious, or for failure to

state a claim upon which relief may be granted.").

Plaintiff Dyer has **admitted** that on three or more occasions, while he was

incarcerated or detained, he filed a federal court action that was dismissed on the grounds

that it was frivolous, malicious, or failed to state a claim upon which relief may be

granted. (Doc. No. 1 at PageID 4.) Plaintiff did not list the relevant cases in the First IFP

Motion (*id*.) but did list some cases in his Second IFP Motion (Doc. No. 3 at PageID 77).

The undersigned concludes that the IFP Motions in this case are indeed barred by

the PLRA's three-strikes rule in 28 U.S.C. § 1915(g). For the sake of simplicity, the

undersigned will quote the relevant language from a recent decision issued by a U.S.

Magistrate Judge in the Northern District of Georgia who recommended that a lawsuit

filed by Plaintiff Dyer be dismissed without prejudice under 28 U.S.C. § 1915(g):

> Plaintiff Michael David Dyer, an inmate at the Hall County Detention
> Center in Gainesville, Georgia, has filed a document that the Clerk of Court
> has construed as a *pro se* 42 U.S.C. § 1983 civil rights complaint. (Doc. 1.)
> Plaintiff has not paid the required $405.00 filing and administrative fees but
> indicates that he wishes to proceed *in forma pauperis* ("IFP").
>
> Other federal courts have previously determined that Plaintiff is subject to
> the "three-strikes" provision of 28 U.S.C. § 1915(g), which bars a prisoner
> from bringing IFP civil actions in federal court if he has filed three or more
> prior prisoner actions that were dismissed as frivolous, malicious, or for
> failure to state a claim. See Dyer v. Perdue Pharmaceuticals, No. 1:20-cv-
> 088 (LAG) (dismissing pursuant to § 1915(g)) (M.D. Ga. Aug. 21, 2020);
> Dyer v. Medlin, No. 3:13-cv-0039-DHB (S.D. Ga. Jan. 15, 2014) (same);
> see also, e.g., Dyer v. Warden, No. 13-12712C (11th Cir. Apr. 25, 2014)
> (dismissing appeal as frivolous); Dyer v. Medlin, No. 3:13-cv-0019-DHB
> (S.D. Ga. June 3, 2013) (dismissing as sanction for abuse of the judicial
> process in failing to disclose litigation history); Dyer v. Rheemic, No. 2:07-

cv-0078-WCO (N.D. Ga. Sept. 11, 2007) (dismissing as frivolous); Dyer v. Rheemic, No. 2:07-cv-0061-WCO (N.D. Ga. Sept. 7, 2007) (dismissing for failure to state a claim).

*Dyer v. Unnamed Defendants*, No. 2:24-cv-0108-SCJ-JCF, 2024 U.S. Dist. LEXIS 96367, at *1 (N.D. Ga. May 29, 2024), *report and recommendation adopted* June 21, 2024. The undersigned agrees that Plaintiff Dyer has accumulated at least three "strikes" under the PLRA.

Plaintiff Dyer does not fit within the PLRA's narrow exception for prisoners "under imminent danger of serious physical injury" caused by the issues raised in the complaint. 28 U.S.C. § 1915(g). Plaintiff Dyer is no longer in custody at the Montgomery County Jail. He was not in custody there when he filed the Complaint. (*See* Doc. No. 1-7 at PageID 68.) *See Pointer v. Wilkinson*, 502 F.3d 369, 371 n.1 (6th Cir. 2007) (explaining that the imminent danger exception requires that the danger exist at the time the complaint is filed).

Accordingly, the undersigned **RECOMMENDS** that Plaintiff Dyer's IFP Motions in this case be **DENIED** (Doc. Nos. 1, 3) and that he be **ORDERED** to pay his share of the filing costs within thirty days. That calculation is below.

Where there are multiple plaintiffs, each plaintiff owes an equal share of the filing fees and costs. "Although the [statute] does not specify how fees are to be assessed when multiple prisoners file a joint complaint, the Sixth Circuit has held that fees and costs should be divided equally in such cases between the plaintiffs." *Rouse v. Michigan*, No. 2:17-cv-12276, 2017 WL 3394753, at *3 (E.D. Mich. Aug. 8, 2017) (citing *In Re Prison Litigation Reform Act,* 105 F.3d 1131, 1137-38 (6th Cir. 1997)).

4

To determine Plaintiff Dyer's share in this case, the undersigned divides the total filing costs by the number of the plaintiffs in the case. The total cost to proceed with this civil lawsuit is $405, which consists of a filing fee of $350, plus a $55 administrative fee. *See* 28 U.S.C. § 1914(a), (b); Administrative Office of the U.S. Courts, *District Court Miscellaneous Fee Schedule*, United States Courts, available at https://www.uscourts. gov/services-forms/fees/district-court-miscellaneous-fee-schedule (last visited Aug. 1, 2025).

At this time, there are 20 plaintiffs in this case.[2] Plaintiff Dyer's share is $20.25 ($405 divided by 20 equals $20.25). The undersigned therefore **RECOMMENDS** that the Court order Plaintiff Dyer to pay $20.25 to the Clerk of Court within thirty days of this Order. Plaintiff Dyer should be aware, however, that if not all the named Plaintiffs choose to move forward with this case, his share will increase, and he may owe an additional amount of the filing costs.

## II.      PLAINTIFF DYER'S PENDING MOTIONS SHOULD BE DENIED AS PREMATURE (DOC. NOS. 5, 6, 7)

Plaintiff Dyer has filed three motions that request that the Clerk of Court enter default, that the Court grant default judgment, and/or that the Court grant summary judgment. (Doc. Nos. 5, 6, 7.) These motions are premature. The case has not yet proceeded past the threshold issue concerning the filing costs. Once that issue is resolved, the Court must screen the operative complaint and determine if any part of it can proceed. 28 U.S.C. § 1915A; *see also* 28 U.S.C. § 1915. If the case can proceed, the Court will

---

[2] One plaintiff is deceased. (*See* Doc. No. 8.)

order service on appropriate Defendants. Only then will Defendants be required to answer the Complaint. Consequently, Defendants cannot be in default or otherwise penalized for not having answered the Complaint. The undersigned therefore **RECOMMENDS** that the Court should **DENY** these three motions as premature. (Doc. Nos. 5, 6, 7.)

      **IT IS SO RECOMMENDED.**

                            */s/ Caroline H. Gentry*
                            Caroline H. Gentry
                            United States Magistrate Judge

### Notice Regarding Objections to this Report and Recommendation

If any party objects to this Report and Recommendation ("R&R"), the party may serve and file specific, written objections to it **within fourteen days** after being served with a copy thereof. Fed. R. Civ. P. 72(b). All objections shall specify the portion(s) of the R&R objected to and shall be accompanied by a memorandum of law in support of the objections. The Court may extend the fourteen-day objections period if a timely motion for an extension of time is filed.

A District Judge of this Court will make a de novo determination of those portions of the R&R to which objection is made. Upon proper objection, a District Judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence or may recommit this matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1).

6

The parties are specifically advised that failure to object to the R&R will result in a waiver of the right to have the District Judge review the R&R de novo, and will also operate as a waiver of the right to appeal the decision of the District Court adopting the R&R. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).