IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

MICHAEL D. DYER, *et al.*,　　　　　:

　　　Plaintiffs,　　　　　　　　　　　　　Case No. 3:24-cv-300

　　　v.　　　　　　　　　　　　　　:　　　Judge Walter H. Rice

SHERIFF OF
MONTGOMERY COUNTY,　　　　　　　　　Mag. Judge Caroline H. Gentry
OHIO, JAIL, *et al.*,　　　　　　　　　:

　　　Defendants.

---

ORDER ADOPTING REPORT AND RECOMMENDATIONS OF UNITED
STATES MAGISTRATE JUDGE (DOC. #9), OVERRULING
OBJECTIONS THERETO OF PLAINTIFF MICHAEL D. DYER (DOC. #10),
OVERRULING DYER'S MOTION TO PROCEED *IN FORMA PAUPERIS*
(DOC. #1) AND SUPPLEMENTAL MOTION TO PROCEED *IN FORMA
PAUPERIS* (DOC. #3), AND OVERRULING AS PREMATURE WITHOUT
PREJUDCE TO REFILING DYER'S APPLICATIONS TO THE CLERK OF
COURT FOR ENTRY OF DEFAULT AND MOTIONS FOR DEFAULT
JUDGMENT (DOCS. #5, 6, 28), MOTION FOR SUMMARY JUDGMENT
(DOC. #7), AND MOTION FOR DISCOVERY (DOC. #19); PAYMENT OF
THE FILING FEE OF $405.00 BY DYER AND REMAINING PLAINTIFFS
MUST BE MADE WITHIN FORTY-FIVE (45) DAYS OF ENTRY
PURSUANT TO INSTRUCTIONS SET FORTH HEREIN, OR ELSE THE
CASE WILL BE TERMINATED

---

This matter is before the Court on Plaintiff Michael D. Dyer's initial and

Amended Motions to Proceed *In Forma Pauperis* (IFP Motions, Docs. #1, 3),

Applications to the Clerk of Court for Entry of Default and Motions for Default

Judgment ("Default Motions," Docs. #5, 6, 28), Motion for Summary Judgment

(Doc. #7), and Motion for Discovery (Doc. #19), the Magistrate Judge's Report and

Recommendations, wherein she recommends that the IFP Motions be overruled and the remaining motions overruled as premature (Doc. #9), and Dyer's Objections to the Report. (Doc. #10).

Dyer and eighteen other Plaintiffs[1] seek to proceed *in forma pauperis* in a Complaint against Montgomery County, Ohio, Sheriff Rob Streck and other County officials and employees with respect to the conditions at the Montgomery County, Ohio, Jail. (Compl., Doc. #1-1). On both April 9 and May 8, 2025, Dyer filed combined Applications to the Clerk of Court for Entry of Default and Motions for Default Judgment (Docs. #5, 6), and on June 16, 2025, Dyed moved for summary judgment. (Doc. #7). Dyer filed a renewed Default Motion on February 9, 2026. (Doc. #28).

On August 1, 2025, the Magistrate Judge issued the Report and Recommendations, wherein she recommended that the IFP Motions be overruled and the first two Default and Summary Judgment Motions be overruled as premature. (Doc. #9, PAGEID 107, citing Docs. #1, 3, 5, 6, 7). The Magistrate Judge reached that conclusion because at least three federal lawsuits wherein Dyer proceeded *in forma pauperis* while incarcerated were dismissed as frivolous, malicious, or for failure to state a claim. (*Id.* at PAGEID 109-10 (collecting cases)).[2] Accordingly, the Magistrate Judge concluded, Dyer had accumulated at least

---

[1] A twentieth Plaintiff, Steven Flitton, died after the IFP Motions and Complaint were filed.

[2] In his Amended IFP Motion, Dyer concedes that at least five federal lawsuits that he filed previously while incarcerated were dismissed. (Doc. #3, PAGEID 77).

2

three "strikes" under the Prison Litigation Reform Act of 1996 ("PLRA"), 28 U.S.C. § 1915(g), and did not meet "the PLRA's narrow exception for prisoners 'under imminent danger of serious physical injury' caused by the issues raised in the complaint." (*Id.* at PAGEID 110, quoting 28 U.S.C. § 1915(g)). Specifically, the Magistrate Judge noted that "Dyer is no longer in custody at the Montgomery County Jail[; and h]e was not in custody there when he filed the Complaint." (*Id.*, citing *Pointer v. Wilkinson*, 502 F.3d 369, 371 n.1 (6th Cir. 2007). Consequently, the Magistrate Judge recommended that Dyer not be permitted to proceed *in forma pauperis*, and recommended that the Court order Dyer to pay a *pro rata* share of the filing fee within thirty (30) days. (*Id.* at PAGEID 111). "Dyer should be aware, however, that if not all the named Plaintiffs choose to move forward with this case, his share will increase, and he may owe an additional amount of the filing costs." (*Id.*). The Magistrate Judge further recommended that the Court overrule the Default and Summary Judgment Motions as premature, as "[t]he case has not yet proceeded past the threshold issue concerning the filing costs." (*Id.*).

In his Objections, Dyer does not dispute that he has accumulated at least three dismissals, but argues that the black mold to which he and other Plaintiffs were exposed put them in imminent danger of serious injury, which Dyer argues is measured "at the time of incident." (Doc. #10, PAGEID 114, citing *Abdul-Akbar v. McKelvie*, 239 F.3d 307, 311 (3d Cir. 2000) (*en banc*); *Gibbs v. Roman*, 116 F.3d 83, 86 (3d Cir. 1997). Accordingly, Dyer claims, he comes within the "imminent danger" exception and should be allowed to proceed *in forma pauperis*. (*Id.*).

3

Alternatively, Dyer asserts that the mere fact that his previous IFP lawsuits were dismissed does not render them *per se* frivolous, and, thus, he may not have accumulated three strikes under the PLRA. (*Id.* at PAGEID 115).

On November 12,2025, while his Objections were pending, Dyer filed a Motion for Discovery. (Doc. #19). As the case is at the screening stage, Defendants have not been served and have not appeared. Nonetheless, the matters are ripe for decision.

## I.    **Legal Standard**

Under Rule 72(b), this Court must review *de novo* any timely, specific objection to a report and recommendations. "The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." FED.R.CIV.P. 72(b)(3).

## II.    **Analysis**

The Court may easily dispense with Dyer's objection as to the number of strikes he has accumulated. As the Magistrate Judge noted (Doc. #9, PAGEID 109-10), the United States District Court for the Northern District of Georgia concluded that Dyer had already accumulated at least *four* strikes, and that he had recently been denied IFP status twice because he had run afoul of the three strikes rule. *Dyer v. Unnamed Defendants*, No. 2:24-cv-0108-SCJ-JCF, 2024 U.S. Dist. LEXIS 96367, *1 (N.D. Ga. May 29, 2024) (collecting cases)). As Plaintiff has failed to meet his burden of demonstrating that previous dismissals *did not* count as strikes, *Taylor v. First Med. Mgmt.*, 508 F. App'x 488, 496 (6th Cir. 2012), citing

4

*Pointer*, 502 F.3d at 376, the Court agrees with the Magistrate Judge that Dyer comes within the purview of 28 U.S.C. § 1915(g).

Further, the cases cited by Dyer do not stand for the proposition he claims—that imminent risk of serious injury is measured at the time of the incident or injury.  (Doc. #10, PAGEID 114).  Rather, the court in *Abdul-Akbar* held that 28 U.S.C. § 1915(g) required the imminent danger to exist at the time *the complaint* is filed.  239 F.3d at 310-11.  In so holding, the court overruled *Gibbs* and harmonized its practice with "the Fifth, Eighth and Eleventh Circuit Courts of Appeals . . . We conclude that this interpretation is consistent with the plain language of § 1915(g), with congressional intent and with the legislative purpose of the PLRA as a whole." *Id.* at 311, citing *Gibbs*, 116 F.3d at 86.  As the Magistrate Judge correctly observed (Doc. #9, PAGEID 110), the Sixth Circuit has also stated, albeit in a footnote, that "when the complaint is filed" is the appropriate time for evaluating imminent injury.  *Pointer v. Wilkinson*, 502 F.3d at 371 n.1, citing *Malik v. McGinnis*, 293 F.3d 559, 562 (2d Cir. 2002).  Although, to the undersigned, it strains credulity that the "imminent risk" is measured at the time of filing the complaint, every Circuit that has examined the issue, including the Sixth Circuit, has reached that very conclusion, and this Court is bound to follow the law as set forth in *Pointer*.

To know this much is to resolve the Objections.  Dyer was released from the Jail prior to filing the initial IFP Motion.  (*See* Civil Cover Sheet, Doc. #1-2, PAGEID 38 (Dyer stating that, at the time of filing, he resided in Hall County, Georgia)).

5

While Dyer may still be suffering serious effects from black mold exposure at the Jail, that ongoing injury simply is not the type of imminent danger contemplated by the plain language of 28 U.S.C. § 1915(g).  Accordingly, the Report and Recommendations (Doc. #9) is ADOPTED, and Dyer's Objections thereto (Doc. #10) are OVERRULED.

As Plaintiff has accumulated at least three strikes and does not come within the sole exception to the PLRA's bar, he may not proceed *in forma pauperis* in this case, and the IFP Motions (Docs. #1, 3) are OVERRULED.  Since the Default (Docs. #5, 6, 28), Summary Judgment (Doc. #7), and Discovery (Doc. #19) Motions are not properly before the Court until the filing fee is paid in full, they are OVERRULED WITHOUT PREJUDICE to refiling as premature.

After filing the Report, wherein the Magistrate Judge recommended that the undersigned require Dyer to pay $20.25 as a *pro rata* share of the full $405 filing fee (Doc. #9, PAGEID 110-11), the Magistrate Judge issued a Deficiency Order on October 27, 2025, requiring each of the other Plaintiffs to pay $20.25 to the Clerk of Court by December 1, 2025, or file his own application to proceed *in forma pauperis*. (Doc. #16, PAGEID 129).  To date, none of the other Plaintiffs has made payment or filed an *in forma pauperis* application.  In the interest of giving Plaintiffs the chance to prosecute their claims, the Court ORDERS each of the nineteen Plaintiffs to pay $21.32 ($405 ÷ 19 = $21.32) within FORTY-FIVE (45) DAYS of Entry.  If none of the Plaintiffs pays the *pro rata* share, then the case will be dismissed without prejudice and terminated upon the docket records of this

6

Court.  If at least one but fewer than nineteen Plaintiffs pay $21.32 to the Clerk,

then the Court will dismiss the non-payors from the case and will assess the

remaining amount *pro rata* to the remaining Plaintiffs.


IT IS SO ORDERED.

February 26, 2026

WALTER H. RICE, JUDGE
UNITED STATES DISTRICT COURT