IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

MICHAEL D. DYER, *et al.*, :

Plaintiffs,

v. :

SHERIFF OF MONTGOMERY COUNTY, OHIO, JAIL, *et al.*, :

Defendants.

Case No. 3:24-cv-300

Judge Walter H. Rice

Mag. Judge Caroline H. Gentry

---

ORDER OVERRULING PLAINTIFF MICHAEL D. DYER'S MOTION FOR RECONSIDERATION OF THE COURT'S ORDER DISMISSING HIS COMPLAINT WITHOUT PREJUDICE (DOC. #46) AND MOTION TO REOPEN THE TIME TO FILE APPEAL (DOC. #48)

---

Before the Court are *Pro Se* Plaintiff Michael D. Dyer's Motion for Reconsideration of the Court's July 6, 2026, Order (Doc. #42) Dismissing Plaintiff's Complaint without Prejudice for Failure to Pay the Filing Fee (Motion for Reconsideration, Doc. #46) and Motion to Reopen the Time to File Interlocutory Appeal. (Motion to Reopen, Doc. #48). For the reasons set forth below, both Motions are OVERRULED.

In the Motion for Reconsideration Dyer renews his argument that he is indigent and states his intention to appeal to the United States Court of Appeals for the Sixth Circuit this Court's imposition of the "three-strikes rule" of the Prison Litigation Reform Act of 1996, 28 U.S.C. § 1915(g), requiring Dyer and his co-

Plaintiffs to pay the full $405.00 civil filing fee. (Doc. #46, PAGEID 230, citing Order, Doc. # 31, PAGEID 159-62). To the extent that Dyer is asking this Court to grant him *in forma pauperis* status on appeal, this Court lacks the authority to do so. *See McGore v. Wrigglesworth*, 114 F.3d 601, 610 (6th Cir. 1997), citing 28 U.S.C. § 1915(a)(2), (b)(1), *overruled on other grounds by Lafountain v. Harry*, 716 F.3d 944, 951 (6th Cir. 2013) ("In a departure from the former practice, an individual or prisoner granted pauper status before the district court is no longer automatically entitled to pauper status on appeal.").

To the extent that Dyer is seeking reconsideration of this Court denying him *in forma pauperis* status, that request is also unavailing. Dyer claims that he "remained in imminent danger of serious physical injury until he was seen by a doctor in the Hall County Jail sometime in May of 2024[.]" (Doc. #46, PAGEID 231). Even accepting this as true, every circuit that has examined the issue holds that the imminent danger exception to the three-strikes rule is measured *at the time the complaint is filed*.[1] (Doc. #31, PAGEID 160 (collecting cases). Dyer filed his Complaint on November 19, 2024 (Doc. #1), meaning that, even if he would have previously come under the imminent danger exception, he does not for purposes of this action. Thus, this Court's denial of *in forma pauperis* status was proper, and will not be revisited.

[1] The Sixth Circuit has reached the same conclusion, albeit in a footnote. *Pointer v. Wilkinson*, 502 F.3d 369, 371 n.1, citing *Malik v. McGinnis*, 293 F. 3d 559, 562 (2d Cir. 2002). Moreover, Montgomery County, Ohio, Jail records show that Dyer repeatedly refused medical care, meaning that, even if the imminent danger exception was measured at the time of his alleged harm, Dyer still could not avail himself of the exception.

In the Motion to Reopen, Dyer asserts that he was not given timely notice of the Court's February 27, 2026, Order, and thus could not file his interlocutory appeal in a timely manner. (Doc. #48, PAGEID 238). However, as the Court stated in its July 22, 2026, Order, the Court's authority to extend the time for filing a notice of appeal expired on April 29, 2026. (Doc. #45, PAGEID 227-28, citing 28 U.S.C. § 2107(a, c). Moreover, the Supreme Court has held that a statutory time limit, such as that contained in 28 U.S.C.§ 2107, is a jurisdictional threshold. Thus, the Court cannot waive or alter that time limit, no matter how persuasive Dyer's equitable argument may be. (*Id.* at PAGEID 228, citing *Hamer v. Neighborhood Hous. Servs. of Chi.*, 583 U.S. 17, 25-27 (2017); *Bowles v. Russell*, 551 U.S. 205, 214 (2007).

For the foregoing reasons, the Motion for Reconsideration (Doc. #46) and Motion to Reopen (Doc .#48) are OVERRULED.

The captioned cause remains terminated upon the docket records of the United States District Court for the Southern District of Ohio, Western Division, at Dayton.

IT IS SO ORDERED.

Walter Rice

WALTER H. RICE, JUDGE
UNITED STATES DISTRICT COURT

August 12, 2026